## THATCHER vs. YOUNG & AL.

Where in an action by a judgment creditor against a sheriff, the writ contained an allegation of the misconduct of one of the defendant's deputies who served the original writ on the plaintiff's debtor, and wasted the goods attached ; and of another deputy in not serving and collecting the execution ; and the jury found the *latter* deputy guilty ; and afterwards an action was brought, for the benefit of the latter deputy, in the name of the sheriff, upon the bond of the deputy who served the writ ;—it was holden that it was not competent for the plaintiff to shew, against the record of the former judgment against him, that the nonfeasance of the deputy who had the execution, was caused by the prior misconduct of him who served the writ.

This was an action of debt, brought by the late sheriff of this county against one of his deputies, on his bond of office ; to which, after oyer, the defendant pleaded generally that the condition was performed. The plaintiff replied that one *Dorr* commenced an action against one *Hilton*, and delivered his writ for service to the defendant *Young*, who attached personal property of *Hilton*,

and made return of the writ ;—that judgment was recovered against Hilton, and the execution thereon delivered to one Bowman, another of the plaintiff's deputies, to be served ;—that neither the sheriff nor either of the said deputies kept said property ;—that Bowman committed Hilton to prison, but nothing was ever obtained of him ;—that thereupon the plaintiff was sued by Dorr for the alleged misconduct of the plaintiff and his said deputies, in not satisfying the execution out of the property attached, and for suffering the same to be wasted and lost ;—and that in said action Dorr recovered against the plaintiff the amount of his debt against Hilton, and costs, which the plaintiff had paid.

The defendants rejoined that the recovery against the plaintiff was not had for the fault or neglect of Young in his said office. And the plaintiff rejoined that the recovery against him was for the official misfeasance and malfeasance of Young.

At the trial before the Chief Justice, the plaintiff read in evidence a copy of the writ and judgment in the case of Dorr against him, in which it appeared that the sheriff pleaded that neither he nor either of his said deputies were guilty, &c. and the jury found that the said Bowman was guilty, and assessed damages for the plaintiff Dorr to the amount of his debt and costs.    The plaintiff then offered parol proof to shew that the judgment was in fact recovered for the negligence and misfeasance of Young, prior to the misfeasance of Bowman with respect to the property so attached and the proceedings under the execution.    But the Judge excluded the evidence, and nonsuited the plaintiff, reserving the question for the consideration of the whole Court.

The cause being called up at this term for argument, Allen for the plaintiff, moved the Court for leave to replead and file a new surrejoinder, alleging that the judgment against him was for the misconduct of Bowman, occasioned by the prior misconduct of Young, in not keeping the property attached, but suffering it to go back into the hands of Hilton the debtor ;—and to shew that this motion was within the power of the Court, and the practice in similar cases, he cited Perkins v. Burbank 2 Mass. 81.    Makepeace v. Boyce 2 Mass. 430.    Aiken v. Sanford 5 Mass. 499.

*Parkinson v. Wentworth* 11 *Mass.* 26. *Limerick Academy v. Davis* 11 *Mass.* 118. *Brock v. Hutchinson* 11 *Mass.* 124. *Phillips v. Bridge* 11 *Mass.* 242. *Langdon v. Potter* 11 *Mass.* 316. *Ames v. Savage* 14 *Mass.* 425. *Conner v. Henderson* 15 *Mass.* 319. 12 *Mass.* 513. 15 *Mass.* 494.

*R. Williams*, on the other side, denied the application of these cases ; and contended that no motion to replead could be heard till the nonsuit was first set aside ; and *this* question must be disposed of, according to the facts stated in the Judge's report.

MELLEN C. J. delivered the opinion of the Court.

Though the plaintiff's motion is somewhat novel in this stage of the cause, this not being the point reserved ; yet though we deny the motion, we do not do it on that account, but because we think it would not avail the plaintiff, nor change the nature of his claim. We have been furnished with the new surrejoinder which he has moved for leave to file. It seems to be a departure from the replication, and directly at variance with the verdict and judgment therein set forth, and which he offered in evidence at the trial ;—and as this motion is addressed to our discretion, we look to the whole cause, and decide upon the usefulness of such a surrejoinder. Besides, he does not deny the correctness of the charges made against *Bowman*, of negligence and omission, nor the correctness of the verdict as to him ; but would now allege in the proposed surrejoinder that such negligence and omission on the part of *Bowman* were occasioned and produced by the negligence and misconduct of *Young*, in not keeping the property by him attached, but suffering it to go back into the hands of *Hilton* the debtor. This is only an indirect mode of contradicting the verdict and judgment, neither of which is liable to impeachment in this manner. Besides, the wrong of *Bowman* is none the less because occasioned and produced by *Young* ; at least so far as relates to the present action. It is not easy to perceive how such could be the fact ; each deputy acting independently of all others. The present action is understood to be brought for the use of *Bowman* ; but if the facts now offered could ever have

availed him, they should have been urged in the defence of the action by *Dorr* against the present plaintiff.

Then as the pleadings in the case now stand, it appears that the point in issue was whether the judgment recovered by *Dorr* was for the misfeasance or neglect of *Young*. The rejoinder denied,—the surrejoinder affirmed it. The plaintiff on the trial read in evidence a copy of the record of the case *Dorr v. Thatcher*, by which it appeared that the declaration charged both the deputies, *Young* and *Bowman*, with official negligence and misconduct; and *Thatcher*, the sheriff, pleaded that neither he nor either of his deputies was guilty. The jury by their verdict found the said *Bowman* guilty, and him only. The proof offered and rejected by the Judge who sat in the trial of the cause, was intended to shew that the judgment was not recovered against the present plaintiff for the negligence and misconduct of *Bowman*, but " for " the negligence and misfeasance of said *Young*, *prior* to the mis- " feasance of said *Bowman* with respect to the property so " attached, and the proceedings in said execution ;"—and the question is whether it was properly rejected. It does not appear by the *record* that *Young* was *ever* guilty, either before or after *Bowman* was ;—but if he was, the only mode of proving that a judgment was recovered for *his* misconduct is by the *record* of such judgment, and the record in the present instance expressly negatives that fact. It is evident that the jury, on examination of the evidence, found it applicable to the charge against *Bowman* only, and accordingly found him guilty. The effect of the rejected proof, if admitted, would have been to contradict the record of the verdict and of the judgment thereon rendered ; and of course it was properly rejected, and the nonsuit is accordingly confirmed.